## No. 13, 740.

## CHARLES J. CHAISON VS. A. W. WEHRT.

### SYLLABUS.

Primarily, all municipalities have charge and control of the banks of navigable streams within their limits. When a third person claims a right to those banks, growing out of the fact that he is owner of riparian property, or out of the fact that some one who acts under an authority granted by the municipal corporation infringes upon his rights as owner of property adjacent to the riparian property, he should bring suit against the municipal corporation and make it the principal defendant. The right which the public has, or may have, to the use of the property cannot be affected in any manner unless the representative of the public, the municipality, is made a party to the suit and the issues decided contradictorily with it. To determine any question growing out of such issues against a private individual who disclaims any right and who, in reality, has none except those he has exercised as owner of a ferry boat and under a resolution of the corporation, would be doing a vain thing.

APPEAL from the Fifteenth Judicial District, Parish of Calcasieu— *Read, J. ad hoc.*

*Cline & Cline* for Plaintiff, Appellant

*Kleinpeter & Kleinpeter* for Defendant, Appellee.

The opinion of the Court was delivered by

BREAUX, J. This action is petitory and for rent claimed. The lot sued for is situated within the limits of the city of Lake Charles. It is described as being bounded on the east by Front street, on the west by the lake known as Lake Charles, and on the north and south by lines which are extensions respectively of the north and south lines of Pujo street, if prolonged.

Plaintiff claims title down from the United States to his own. He avers that defendant has possession and use of the land in question and he demands rent for this use and possession. It appears that the land is contiguous to Lake Charles, a navigable stream, being a widening of Calcasieu river. This lot abuts on the Lake Charles.

Petitioner claims that the shores of this lake are a part of the public highway, and sets forth that at this point the lake is shallow for some distance and that vessels can not be brought to the bank to receive and discharge freight, and because of this it is necessary to build wharves out from the banks to navigable water, where vessels are loaded or unloaded and passengers find their way to or from these vessels. Plaintiff claims that as front proprietor he has the right to build wharves as wide as his lot and extending into the navigable water; that this right is valuable to him; and that he can not be divested of it without compensation.

The defendant, on the other hand, seeks to meet plaintiff's proposition by averring that he can not be condemned for the reason that he does not claim the ownership or possession of the lot claimed by plaintiff or of any improvement thereon. The evidence shows that the wharf on the front of the lot was built by subscription, a number of interested parties contributing the funds needful for its construction. In the District Court, plaintiff's suit was dismissed as in the case of non-suit. From the judgment, plaintiff prosecutes this appeal.

We glean from the evidence that the wharf, which rests on the front of the property claimed by plaintiff, is used by the public generally in crossing the lake backward and forward, and that in the line of his business as ferryman, defendant uses it for landing his steam ferry boat.

But defendant declares as a witness that he is not in possession of the wharf, is not its owner, and that it is not in his control. His boat crosses the lake six or seven times a day, according to schedule of round trips, and on the east side of the lake it lands at this wharf. There is a building on the wharf used by the passengers as a sitting room. Defendant, the evidence shows, has the exclusive use of this wharf as a ferry landing. The only authority he has for this use was issued by the council of the city of Lake Charles, by resolution, a copy of which was admitted in evidence. This resolution shows that the city granted to certain individuals the right to build a wharf at this particular place and of using a terminus mentioned in the resolution in question, situ-

ated on the bank of the lake, and this is the right under which defendant operates his ferry and effects his landings at the east bank of the lake.

Our attention is immediately attracted to the fact that the defendant is not the owner of the property, nor does he own or control any right to it, rendering it possible to hold him bound in a petitory action. The local municipality may have rights. The defendant being its licensee, we think it only just and fair to let the case come up contra-dictorily with the authority having in charge certain rights on navigable streams at that place. The court will not undertake to say in this case that the municipality is, or is not, entitled to the front in question on the Lake Charles. If we were to decide the case contradictorily with this defendant, this, to some extent at least, would be the effect of our decision. It is well settled that the defendant is not liable to a petitory action for land of which he is not in possession and it follows that a petitory action must be brought against one actually in possession. We have seen that defendant especially disclaims being in possession as owner, a disclaimer which is sustained by the facts.

The pleadings and the evidence disclose the character of his possession and render it manifest that the municipal corporation has an interest which can not be affected without making it a party.

If plaintiff possesses all the rights he sets forth in his petition, they should be contested contradictorily with those the municipal corporation may have in the exercise of local administration and government.

For reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from dismissing plaintiff's demand as in case of nonsuit be affirmed at plaintiff and appellant's cost.